IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LITTLE C. BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Crim. No. 03-057-SLR |
| | ) Civ. No. 05-012-SLR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

Little C. Brown, pro se, Petitioner.

Colm F. Connolly, United States Attorney and Beth Moskow-Schnoll, Assistant United States Attorney, United States Attorney's Office, Wilmington, Delaware. Counsel for Respondent.

**MEMORANDUM OPINION**

Dated: April 18, 2007

Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Petitioner Little C. Brown is a federal inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Before the court is petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] (D.I. 47, 48) Respondent United States of America has filed its opposition, to which petitioner has replied. (D.I. 56, 58, 60) The court has jurisdiction pursuant to 28 U.S.C. § 2255. For the reasons that follow, petitioner's application for relief will be denied.

## II. BACKGROUND

On October 10, 2003, petitioner pled guilty to count I of an indictment charging him with conspiracy to commit credit card and bank fraud, in violation of 18 U.S.C. §§ 1344 and 1029(a)(2). (D.I. 24) The court sentenced petitioner on March 23, 2004 to a term of imprisonment of 72 months followed by three years of supervised release. (D.I. 32) Petitioner did not file a direct appeal of his sentence to the United States Court of Appeals for the Third Circuit.

## III. DISCUSSION

### A. Evidentiary Hearing

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the court has reviewed petitioner's motion and respondent's answer, as well as the record,

---

[1] Prisoners in federal custody may attack the validity of their sentences via 28 U.S.C. § 2255. Section 2255 is a vehicle to cure jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). See also United States v. Addonizio, 442 U.S. 178 (1979); United States v. Essig, 10 F.3d 968 (3d Cir. 1993).

and concludes that an evidentiary hearing is not required. United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005) (denying a petitioner's request for an evidentiary hearing is an abuse of discretion when files and records of case conclusively establish movant is entitled to relief); accord United States v. Booth, 432 F.3d 542, 545-546 (3d Cir. 2005)(district court is required to hold an evidentiary hearing unless the records of the case demonstrate clearly that the petitioner is not entitled to relief); Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

### B. Sentencing

Petitioner asserts that the court erred by increasing his base offense level under the United States Sentencing Guidelines by including cash and credit cards that were not charged in the indictment. (D.I. 47) These sentencing enhancements, petitioner claims, render his sentence illegal under Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). (D.I. 48)

Although petitioner cited Blakely and Apprendi as the relevant authority, the issue he raises challenges the court's application of the federal sentencing guidelines and is more appropriately raised pursuant to United States v. Booker, 543 U.S. 2000 (2005). See Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005).

The United States Court of Appeals for the Third Circuit has held that "Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker was issued." Lloyd v. United States, 970 F.3d at 611. Here, the record conclusively reflects that petitioner's judgment of

2

conviction became final in February 2004,[2] well before the date on which <u>Booker</u> was issued. Accordingly, the court will deny petitioner's § 2255 motion without an evidentiary hearing because the principles announced in <u>Booker</u> do not apply retroactively to petitioner's case.

## IV. CONCLUSION

For the reasons stated, petitioner's application for relief is denied. Additionally, the court will not issue a certificate of appealability because petitioner's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. <u>See</u> 28 U.S.C. § 2253(c)(2) (a certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); Fed.R.App.P. 22; Local App. R. 22.2. An appropriate order shall issue.

---

[2]The court entered petitioner's judgment of conviction on January 21, 2004, and he did not file a direct appeal. Consequently, his judgment of conviction became final on February 5, 2004. <u>See</u> <u>Kapral v. United States</u>, 166 F.3d 565, 577 (3d Cir. 1999)("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final . . . on the date on which the filing for such an appeal expired."); Fed.R.App.P. 4(b)(1)(A); Fed.R.App.P. 26(a)(1).

3